# Hower's Appeal.

1. That there are debts not of record against a decedent and his personal estate is insufficient to pay them, are sufficient grounds to decree a sale of his land, under the Act of April 18th 1853 (Price Act), to pay his debts.

2. The object of the act is not to settle questions of title, but to transmit a title unencumbered by contingent or other interests.

3. If there be no title in the person whose estate is proposed to be sold, or it be doubtful, and a sale is opposed by a claimant, the court ought not, as a general rule, to interfere.

May 17th 1867. Before WOODWARD, C. J., THOMPSON and AGNEW, JJ. STRONG and READ, JJ., absent.

Appeal by George Hower, administrator, &c., of Samuel Hower, deceased, from the decree of the Orphans' Court of

*Cumberland county*, dismissing his application for a sale of the real estate of the decedent.

The administrator presented a petition October 23d 1866, setting forth that the decedent died seised of certain real estate, describing it, and setting out his heirs, amongst others, Hannah Slaybaugh, the wife of Henry Slaybaugh; that the estate was subject to the lien of a judgment and other debts not of record, " and for the reason that it was greatly to the interest and advantage of all concerned, all those in interest except Henry Slaybaugh and wife agreed to sell the same to S. M. Glosser for the sum of $725, upon the terms in said petition set out, and asked the court to approve and confirm said sale, and to grant a rule on the said Henry Slaybaugh and wife, to show cause why said sale shall not be confirmed."

The answer of Slaybaugh and wife admitted that the legal title of the land was in the decedent, but that he held it under an arrangement to convey it to Slaybaugh in pursuance of a parol contract, upon conditions set out in the answer.

Testimony was taken in reference to the contract, &c.

The Orphans' Court (Graham, P. J.), dismissed the petition in the following opinion :—

" * * But the act never contemplated that the courts, in this summary mode, should settle and determine disputed titles, and dispose of matters of fact without the intervention of a jury, and thus entirely supersede the action of ejectment. The respondent in his answer denies that Samuel Hower in his lifetime had any beneficial interest in this property, and avers that he held but a naked trust for the use of the respondent; the question of title thus presented can only be decided in an action of ejectment.

" This claim of exclusive title by the respondent deprives the court of jurisdiction, for the 3d section of the act provides that a sale may be decreed on the petition of any trustee, guardian, committee or *person interested*. The petitioner must have an interest in the property to be sold. In this case the respondent denies that the petitioners have any interest, and a stranger cannot be heard. It is true the petitioners insist they are interested and ask the court to pass upon the title on the depositions submitted. But this inquiry involves questions of fact as well as law, and the fact must be decided by a jury.

" But if the respondent had alleged no other interest than as an heir of Samuel Hower and assented to a decree of sale by the court, the court, under the Act of 1853, would have no power to decree a sale. The act was not intended to deprive the heir of a proceeding by partition, of the estate of the ancestor. In the ordinary case of an estate in fee simple, passing by descent, upon the death of the ancestor, to the heirs, unfettered by outstanding interests, entailments, executory devises or contingent remainders,

[Hower's Appeal.]

the Act of 1853 was not intended to supersede proceedings in partition in the Orphans' Court, and thus deprive an heir from taking the ancestor's estate at the valuation and appraisement made by inquest."

The administrator appealed, and assigned for error the dismissal of his petition.

*W. M. Penrose* and *J. C. Graham*, for appellant, cited Acts of April 18th 1853, Purd. 851, Pamph. L. 503; February 24th 1834, § 36, *et seq.*, Purd. 289, pl. 104, *et seq.*, Pamph. L. 80; Greenawalt's Estate, 1 Wright 97; Price on Limitations 358; Norris *v.* Clymer, 2 Barr 277; Aitkin *v.* Young, 2 Jones 15; Charnley *v.* Hansbury, 1 Harris 16; Todd *v.* Campbell, 8 Casey 250; Gilmore *v.* Rogers, 5 Wright 128; Barnet *v.* Dougherty, 8 Casey 371; Act of April 22d 1856, § 6, Purd. 654, pl. 13, Pamph. L. 532; Fitzsimmon's Appeal, 4 Wright 422.

*A. B. Sharpe*, for appellees, cited Greenawalt's Appeal, 1 Wright 95; Fitzimmon's Appeal, 4 Wright 422; Gilmore *v.* Rodgers, 5 Wright 120; Act of 18th April 1853, *supra;* Act of 22d of March 1859, Pamph. L. 207; Act of 22d of April 1856; § 4, Purd. 497, pl. 3, Pamph. L. 533; Roberts's Digest 307; Kissler *v.* Kissler, 2 Watts 324; Lloyd *v.* Spillet, 2 Atk. 150; Barnet *v.* Dougherty, 8 Casey 371; Todd *v.* Campbell, Id. 250; Robertson *v.* Robertson, 9 Watts 42; Haines *v.* O'Conner, 10 Id. 320; Jackman *v.* Ringland, 4 W. & S. 150; Sharp *v.* Long, 4 Casey 433; Sheriff *v.* Neal, 6 Watts 540, 541, 542; Kunkel *v.* Wolfersberger, Id. 126; Parke *v.* Chadwick, 8 W. & S. 96; Morey *v.* Herrick, 6 Harris 123; Pattison *v.* Horn, and Horn *v.* Pattison, 1 Grant 301, 304; McBurney *v.* Wellman, 24 Barbour (American Law Journal) 382; Hiester *v.* Maderia, 8 W. & S. 388; Syler *v.* Eckhart, 1 Binn. 378; Eckert *v.* Eckert, 3 Penn. Rep. 362; Postlethwait *v.* Frease, 7 Casey 474; Moore *v.* Small, 7 Harris 467; McKowen *v.* McDonald, 7 Wright 441; Browne on Frauds, § 487; Page *v.* Page, 8 N. H. 187; Boyd *v.* McLean, 1 Johns. Ch. 582; Kendall *v.* Mann, 11 Allen 15; McKee *v.* Sanford, 1 Casey 105; Reninger *v.* Thompson, 6 S. & R. 1; Scheetz's Appeal, 11 Casey 88.

The opinion of the court was delivered, July 3d 1867, by

THOMPSON, J.—The proceedings in this case were instituted in the Court below, under the provisions of the Act of 18th April 1853, an Act "relating to the sale and conveyance of real estate."

The object of the proceedings, as appears by the appellant's petition to the Orphans' Court, was for the purpose of obtaining a decree of confirmation of a private sale made by the heirs of

Samuel Hower, deceased, with one exception of certain real estate alleged to have been the property of the decedent.

The petition of the appellant, the administrator of the estate of Samuel Hower, sets forth sufficient grounds for a decree of sale, if there is nothing else in the way. In this petition Glosser the purchaser joins. The petition prays a rule on Henry Slaybaugh and wife, to come into court and show cause why a deed of confirmation of the sale made, should not pass. They make answer and deny title in Samuel Hower, deceased, to the property and of course of his heirs, and Henry Slaybaugh asserts and claims title in himself. On testimony taken and after hearing the court below refused the decree on the ground of a dispute about title between the parties, not as heirs, but as owners. The refusal of the court to confirm the sale left the parties free to pursue the usual remedies for the determination of such a contest. The court was not satisfied that a sale under the circumstances was proper, and for this reason refused the decree. It is very doubtful whether such a determination is not so much a matter of discretion in the court below as not to be reviewable at all. I incline to think it is; but that is not now decided. We are clearly of opinion, however, that, circumstanced as this controversy was, the court did right in refusing the decree while the title was in dispute. The object of the Act of 1853 was not to settle questions of title to real estate, but to transmit title unencumbered by contingent or other interests. If there be no title in a decedent or other person whose estate is proposed to be sold, or it be doubtful, and the sale is opposed by a claimant, the court cannot, and ought not, as a general rule, to interfere. We think the action of the court in this case was proper, and is approved.

The decree of the court below is affirmed at the costs of the appellants.